[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-16463

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 12, 2005
THOMAS K. KAHN
CLERK

D. C. Docket Nos.
04-21555-CV-CMA  & 01-13189-BKC-RA

In Re:
        INTERNATIONAL PHARMACY & DISCOUNT II, INC.,

                                                                Debtor.

----------------------------------------------

WESTGATE VACATION VILLAS, LTD.,
WESTGATE LAKES, LTD.,

                                                        Defendants-Appellees,

versus

JOEL L. TABAS,

                                                        Plaintiff-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 12, 2005)

Before EDMONDSON, Chief Judge, BARKETT, Circuit Judge, and HUNT[*], District Judge.

PER CURIAM:

Joel L. Tabas (the "Trustee"), acting as bankruptcy trustee for the estate of International Pharmacy & Discount II, Inc. (the "Debtor"), appeals the district court's reversal of a bankruptcy court order that set aside $14,103.83 in payments made to appellees Westgate Vacation Villas, Ltd. and Westgate Lakes, Ltd. (collectively, "Westgate"). The bankruptcy court set aside the payments as fraudulent transfers of the Debtor's property, pursuant to 11 U.S.C. § 544(b) and Florida Statutes § 726.105(1)(b).

The central issue in the appeal is whether there is sufficient evidence to conclude that the transfers involved the property of the Debtor, given that the transfers were made from an account held by an entity named Interna*c*ional Pharmacy Inc. II, ("Internacional") while the Debtor's name is Interna*t*ional Pharmacy **_& Discount_** II. While the bankruptcy court entered judgment for the Trustee, finding that the funds in question belonged to the Debtor, the district court reversed, holding that the record contained insufficiently clear evidence to conclude that International was a mere misnomer for Internacional.

[*]Honorable Willis B. Hunt, Jr., United States Senior District Judge for the Northern District of Georgia, sitting by designation.

On appeal, the Trustee argues that the district court improperly overturned the bankruptcy court's reasonable finding of fact that the account at issue was owned by the Debtor, thus ignoring the latitude afforded the lower court's findings under clear error review. We agree, and reverse the district court, reinstating the bankruptcy court's order.

## BACKGROUND

Tony Novoa and Drumnia Miquez-Novoa (the "Novoas") were the principals of the named Debtor. Aside from the named Debtor (International Pharmacy & Discount II, Inc.), the Novoas controlled four other Florida corporations with similar names: (1) Internacional Pharmacy Inc. II; (2) International Pharmacy & Discount, Inc.; (3) International Pharmacy and Discount, Inc. III; and (4) International RX Plus, Inc. None of these four corporations have filed for bankruptcy protection.

Before the Debtor's bankruptcy petition was filed, the Novoas made the two transfers at issue from a BankAtlantic account held by Internacional. As a result of these transfers, Westgate received a total of $14,103.83.[1] The transfers paid off mortgages on time share properties owned by the Novoas. Neither the Debtor nor Internacional had any interest in or obligations relating to the timeshares, which

---

[1]It is undisputed that Westgate received the transfers at issue in good faith, without knowledge of their voidability.

3

have been continuously owned by the Novoas personally since the date of the transfers.

The Debtor filed a bankruptcy petition, listing its name as International Pharmacy & Discount II, Inc., even though no such corporation has ever existed or been incorporated in Florida. Nonetheless, the federal tax number which the named Debtor provided in its bankruptcy petition identically matches the tax number for Internacional. Furthermore, the Debtor listed the BankAtlantic account held by Internacional as one of its assets in the statement of financial affairs filed in its bankruptcy proceedings.

Accordingly, the bankruptcy Trustee initiated an adversary proceeding against Westgate to recover the transfers made from the Internacional account, pursuant to 11 U.S.C. § 544(b) and Florida Statutes § 726.105(1)(b). The Trustee proceeded on the theory that the Debtor's name was listed incorrectly in its filing as Interna*t*ional rather than Interna*c*ional. The bankruptcy court agreed, finding that despite the difference in spelling, the Trustee had proven that the account in question belonged to the Debtor, because: (i) the difference in name was only slight; (ii) the Debtor's tax identification number was identical to the one listed on the Internacional account; and (iii) the payments from the account at issue were authorized by one of the same principals who controlled the Debtor. The

4

bankruptcy court based its determination largely on testimony from the Trustee that because the Debtor's principals were unavailable at the time of filing, the name of the Debtor may have been misspelled in the bankruptcy petition.

The district court reversed the bankruptcy court, finding that the record did not contain sufficient evidence to support a finding that Internacional was simply a misnomer for International. Comparing the record in this case to other decisions in which the petition erroneously misnamed the debtor, the district court found that there was insufficient evidence to conclude that "International" was *clearly* a misnomer for "Internacional."  Moreover, the district court held in the alternative that even if International was erroneously substituted for Internacional, the Trustee did not establish that Internacional controlled the funds in the account at issue. Specifically, while Internacional did have legal title, the district court held that the Trustee also would be required show that Internacional actually had control over those funds, as the record here only indicated that one of the Debtor's principals had made transfers from the Internacional account for purposes unrelated to either the Debtor or Internacional.

The Trustee timely appeals.

## STANDARD OF REVIEW

As the second court to review the bankruptcy court's judgment, we examine

5

the bankruptcy court's order independently of the district court.  In re Bilzerian, 153 F.3d 1278, 1281 (11th Cir. 1998).  Specifically, we review determinations of law made by either the district or bankruptcy court de novo, while reviewing the bankruptcy court's findings of fact for clear error.  In re Int'l. Admin. Servs., 408 F.3d 689, 699 (11th Cir. 2005); In re Fin. Federated Title & Trust, Inc., 309 F.3d 1325, 1328-29 (11th Cir. 2002).  The bankruptcy court's findings of fact are not clearly erroneous unless, in light of all the evidence, we are left with the definite and firm conviction that a mistake has been made.  In re Cox, 338 F.3d 1238, 1241 (11th Cir. 2003).

## DISCUSSION

Under 11 U.S.C. § 544(b), a trustee in bankruptcy may "step into the shoes" of an unsecured creditor and void a transfer of an interest in the debtor's property that the unsecured creditor would have the power to void under federal or state law.  See In re Graham, 747 F.2d 1383, 1386-87 (11th Cir. 1984).  In addition, Florida law provides that a transfer made by a debtor is voidable as fraudulent where the debtor made the transfer: (i) without receiving reasonably equivalent value in exchange; (ii) and reasonably should have believed it would incur debts beyond its ability to pay as they came due.  See Fla. Stat. § 726.105(1)(b).

In order to exercise these powers, the Trustee must prove, in relevant part,

6

that the transfer at issue involved a property interest of the debtor. 11 U.S.C. § 544(b) ("the trustee may avoid any transfer of an *interest of the debtor in property* . . ."); see also In re Levine, 134 F.3d 1046, 1053 (11th Cir. 1998) ("11 U.S.C. § 544 . . . permits the trustee to avoid any transfer of the property of the debtor") (internal citations and quotations omitted). Whether the transfer involves the property of the Debtor is a finding of fact that is subject to review only for clear error. See In re Chase & Sanborn Corp., 813 F.2d 1177, 1180 (11th Cir. 1987) (implying that the determination that funds are a debtor's property is a factual finding); In re Gutpelet, 137 F.3d 748, 752 (3d Cir. 1998) (subjecting "bankruptcy court's finding that the [d]ebtor had an interest in the [] [p]roperty" to review for clear error).

In this case, the district court reversed the bankruptcy court's factual finding that the transfer involved the debtor's property based what it termed a lack of "certainty" as to the relationship between International and Internacional. However, this lack of "certainty" does not render the bankruptcy court's findings clearly erroneous. See In re Cox, 338 F.3d at 1241 (11th Cir. 2003) (bankruptcy court's factual findings are not clearly erroneous unless they leave the firm and definite impression that a mistake has been made). Furthermore, the Trustee was only required to prove that the transfer involved the Debtor's property by a

preponderance of the evidence.  In re Am. Way Serv. Corp., 229 B.R. 496, 525

(Bankr. S.D. Fla. 1999).  The bankruptcy court found that standard satisfied based

on evidence that the Debtor's tax identification number matched the number for

Internacional, and that one of the Novoas (who controlled the Debtor) authorized

the transfers at issue.  In light of this evidence, and given the limited nature of our

clear error review, we cannot agree that the bankruptcy court's factual finding

concerning the misnomer of the Debtor was clearly erroneous.

In the alternative, the district court held that even if Internacional could be

substituted for International, there was insufficient record evidence to show that

Internacional controlled the funds at issue.  However, as the district court

recognized, funds in a debtor's account are generally presumed to be the debtor's

property.  See Nat'l Bank of Ga. v. Kennesaw Life & Accident Ins. Co., 800 F.2d

1542, 1545 (11th Cir. 1986) (recognizing that in most states the name or title to a

bank account creates a presumption of ownership in the titleholder); cf. Beal Bank,

SSB v. Almand & Assocs., 780 So. 2d 45, 58-59 (Fla. 2001) (holding that where

bank account titled in the names of two married persons, a presumption arises that

both hold the funds in the account as a tenancy by the entirety).  While the district

court was troubled by the lack of evidence that Internacional actually exercised

control over the account, coupled with evidence that one of the Novoas did actually

8

exercise control over the account, we found no cases which suggest that a principal's exercise of control over a Debtor's account negates the presumption that the account funds remain property of the Debtor. Given that Internacional held legal title to the account, and given the lack of evidence sufficient to rebut the presumption that Internacional controlled the account funds, the district court's alternative holding regarding control of the funds proves insufficient to sustain its judgment.

As we conclude that sufficient record evidence supports the Debtor's control over the funds, and also conclude that the bankruptcy court's factual findings concerning misnomer of the Debtor are not clearly erroneous, we reverse the district court and reinstate the bankruptcy court judgment.

REVERSED.